## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**VICTOR CORDOVA**, individually and
as personal representative of the Estate of
Alize Christopher Jaramillo, and
**LINDA CORDOVA**,

        Plaintiffs,

vs.

**NEW MEXICO STATE POLICE,**
**HERBERT L. HINDERS,** individually
and in his official capacity, and
**ANGELA DURAN,** individually,

        Defendants.

**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

**JUN 2 1 2005**

MATTHEW J. DYKMAN
CLERK

No. **CIV 05-322 MCA/WPL**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' *Motion to Remand* [Doc. No.

2] filed on April 8, 2005, and the Court's *sua sponte* inquiry whether further proceedings in

this action should be stayed pursuant to 50 U.S.C. Appx. § 522 due to Defendant Herbert L.

Hinders' active military duty. Having reviewed the submissions of the parties, the relevant

law, and otherwise being fully advised in the premises, the Court finds that this action was

removed within the applicable time limits and with the consent of all Defendants, and

therefore there is no basis to remand this action to state court at this time. The Court further

finds that Defendant Herbert L. Hinders is currently on active military duty such that he is

unable to defend himself in this action, and therefore the Court orders the other named

parties to show cause in writing by no later than June 30, 2005, why all proceedings in this



action should not be stayed until July 1, 2006, or until Defendant Hinders is no longer a party to this action. Proceedings on all other matters are temporarily stayed pending the Court's receipt and review of the parties' responses to this show-cause order.

## I.    BACKGROUND

On February 25, 2005, Plaintiffs filed this civil action against Defendants New Mexico State Police (NMSP), Herbert L. Hinders, and Angela Duran in the First Judicial District Court for the County of Santa Fe, State of New Mexico. Defendant Angela Duran was personally served with the *Summons* and *Complaint* on March 3, 2005 [Ex. 3 to Doc. No. 4], and she removed this action to the United States District Court on March 24, 2005 [Doc. No. 1].

In her *Petition for Removal* [Doc. No. 1], Defendant Duran stated that it was unknown if Plaintiffs had service the other Defendants and New Mexico's Attorney General. Insofar as the Defendants are state agencies, officials, or employees within the meaning of Rule 1-004(F)(3) NMRA 2005, that rule requires Plaintiffs to deliver a copy of the *Summons* and the *Complaint* to the Attorney General in order to perfect service. The *Petition for Removal* also noted that Defendant Hinders was on military leave.

On April 8, 2005, Plaintiffs filed their *Motion to Remand* this action to state court on the grounds that all Defendants had not consented to its removal within thirty (30) days of service of the summons and *Complaint*. [Doc. No. 2.] In support of their motion, Plaintiffs filed exhibits consisting of returns of service for each Defendant, two newspaper articles, an

2

affidavit by Plaintiffs' counsel, and two unpublished district-court opinions. [Doc. No. 4.] The affidavit of Plaintiffs' counsel documents a telephone conversation with Defendant Duran's counsel dated March 17, 2005, in which issues of service of process and the filing of a removal petition allegedly were discussed. [Ex. 6 to Doc. No. 4.] The exhibits to Plaintiff's motion do not, however, establish that Plaintiffs ever delivered a copy of the Summons and the Complaint to the New Mexico's Attorney General as required by Rule 1-004(F)(3), nor do they show that Defendant Hinders was ever personally served with the Summons and the Complaint in the manner required by Rule 1-004(F)(1).

On April 11, 2005, counsel for Defendant NMSP filed an *Entry of Appearance and Consent to Removal* [Doc. No. 5] stating that although never properly served, Defendant NMSP consented to removal. Counsel filed an *Amended Entry of Appearance and Consent to Removal* [Doc. No. 7] on April 12, 2005, to clarify that he did not represent Defendant Hinders, who still had not been served as of that date.

On April 14, 2005, Defendants Duran and NMSP each filed an *Answer* to Plaintiff's *Complaint.* [Doc. No. 6, 8.] Defendant NMSP's *Answer* filed on that date also contains a statement that: "This Defendant consents to removal." [Doc. No. 8, ¶ 3.]

On April 19, 2005, Defendants Duran and NMSP jointly filed their *Response* to Plaintiffs' *Motion to Remand.* [Doc. No. 10.] In their response, these Defendants reiterated their assertion that they were never properly served in this matter because Plaintiff never delivered a copy of the summons and the *Complaint* to New Mexico's Attorney General, as

required by Rule 1-004(F)(3). Defendant Duran admitted, however, that she waived any defects in service when she filed her *Petition for Removal* [Doc. No. 1] on March 24, 2005, and Defendant NMSP admitted that it waived any defects in service by no later than April 14, 2005, when its *Answer* [Doc. No. 8] was filed.

Defendant Hinders has not filed an answer to Plaintiffs' *Complaint* or a response to Plaintiffs' *Motion to Remand* as of this date. On May 23, 2005, however, the Court received a letter from Defendant Hinders dated May 5, 2005, which states that he has been called to active military duty in Iraq and wishes to invoke his rights under the provisions of the Servicemembers Civil Relief Act, 50 U.S.C. Appx. § 522. Defendant Hinders' letter also noted that although he had not been personally served, he consented to the removal of this case. A copy of Defendant Hinders' letter is attached to this *Memorandum Opinion and Order* as Exhibit A.

On May 27, 2005, the Court received a second letter regarding Defendant Hinders from John P. Linney, the Legal Assistance Attorney at the Department of the Army's Office of the Staff Judge Advocate in Fort Gordon, Georgia. Mr. Linney's letter is dated May 17, 2005, and it also requests a stay of proceedings in this matter until July 1, 2006, based on the provisions of the Servicemembers Civil Relief Act. A copy of Mr. Linney's letter is attached to this *Memorandum Opinion and Order* as Exhibit B.

On May 9, 2005, Plaintiffs filed a motion seeking an extension of time to file a reply brief regarding their *Motion to Remand*. [Doc. No. 12.] Although the requested extension

was granted [Doc. No. 13], Plaintiffs never filed such a reply, and the time for doing so has now expired.

## II.   ANALYSIS

### A.   Plaintiffs' Motion to Remand

28 U.S.C. § 1447(c) requires that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [28 U.S.C. §] 1446(a)." In this case, Plaintiffs' motion *does not allege a lack of subject-matter jurisdiction, and therefore the 30-day deadline set* forth in 28 U.S.C. § 1447(c) applies here. The parties do not dispute that Plaintiffs' *Motion to Remand* was timely filed within 30 days after the filing of the *Notice of Removal.* Therefore, Plaintiffs' motion is properly before the Court.

Plaintiffs' motion alleges that the *Notice of Removal* is procedurally defective because not all Defendants indicated their consent to removal in writing within the 30-day deadline specified in 28 U.S.C. § 1446(b). The latter statute generally requires that a

> notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Id. The Supreme Court has interpreted this statute to mean that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons,

5

but not by mere receipt of the complaint unattended by any formal service." <u>Murphy Bros.,</u>

<u>Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48 (1999). This conclusion follows

from the " bedrock principle[s]" that "[a]n individual or entity named as a defendant is not

obliged to engage in litigation unless notified of the action, and brought under a court's

authority, by formal process," <u>id.</u> at 347, and that "[i]n the absence of service of process (or

waiver of service by the defendant), a court ordinarily may not exercise power over a party

the complaint names as defendant," <u>id.</u> at 350.

Applying these principles to the facts presented here, none of the Defendants were

brought under a court's authority by formal process because they are all agencies, officials,

or employees of the State of New Mexico within the meaning of Rule 1-004(F)(3) NMRA

2005, and Plaintiffs failed to deliver a copy of the summons and the *Complaint* to New

Mexico's Attorney General as required by this rule. In addition, the *Return of Service* [Ex.

2 to Doc. No. 4] that Plaintiff has submitted with respect to Defendant Hinders is not

sufficient to meet the requirements for personal service under Rule 1-004(F)(1), as explained

in further detail below.

Even if Rule 1-004(F)(3) could be construed as not applying to Defendant Duran

because she is sued in her individual capacity, Defendant Duran nevertheless filed her

*Petition for Removal* [Doc. No. 1] within 30 days of March 3, 2005, the date on which she

was personally served under Rule 1-004(F)(1). In the alternative, the Court could exercise

power over Defendant Duran as of March 24, 2005, despite the absence of service on the

Attorney General, because Defendant Duran has admitted that she waived service of process by filing her *Petition for Removal* [Doc. No. 1] on that date. [Doc. No. 10.] Either way, Defendant Duran's *Petition for Removal* complied with the 30-day time limit for removal under 28 U.S.C. § 1446(b).

Removal of a civil action to federal court generally requires the unanimous consent of all Defendants. See Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981) (citing Tri-Cities Newspapers, Inc. v. Tri-Cities Pressmen Local 349, 427 F.2d 325, 326-27 (5th Cir. 1970)); McShares, Inc. v. Barry, 979 F. Supp. 1338, 1342 (D. Kan. 1997). In addition, courts in the District of New Mexico generally follow the "first-served defendant" rule, under which the 30-day time limit for removal under 28 U.S.C. § 1446(b) begins to run on the date that the first defendant is formally served or waives service. See, e.g., Ellis v. Group Am., No. CIV 01-953 LH/LFG (D.N.M. April 22, 2002) (unpublished memorandum opinion and order collecting cases from this district); Meraz v. Lee, No. CIV 03-424 WJ/KBM (D.N.M. June 17, 2003) (unpublished memorandum opinion and order citing McShares, Inc., 979 F. Supp. at 1342 n.2). Thus, if none of the defendants remove the action within 30 days of service on the first-served defendant, then the action is not removable and must be remanded if the plaintiff timely objects to this procedural defect.

In this case, Defendant Duran is the first-served Defendant. She did not violate the "first-served defendant" rule because she filed her *Petition for Removal* within 30 days of the date on which she was personally served or waived service. Rather, the question here

is whether all of the other Defendants were required to indicate their consent to removal in writing within this 30-day period. I conclude that they were not.

Although not expressly defined in the removal statute itself, the general rule is that all other defendants *who were formally served or who waived service* within the 30-day period triggered by service on the first-served defendant must indicate their consent to removal in writing within that 30-day period in order for the action to be removable. See McShares, Inc., 979 F. Supp. at 1342 (collecting cases); 16 James Wm. Moore *et al.*, Moore's Federal Practice § 107.11[1][c], at 107-37 (3d ed. 2005). But this rule does not necessarily apply to defendants who neither waived service nor were formally served within this 30-day period, so long as the *Notice of Removal* so indicates, and the absence of such defendants does not defeat federal jurisdiction. See DiCesare-Engler Prods., Inc. v. Mainman Ltd., 421 F. Supp. 116, 120 (W.D. Pa. 1976); 16 James Wm. Moore *et al.*, supra, § 107.11[1][d], at 107-39 ("Any defendant that was not served with state court process need not join in the removal."). Nominal defendants also are not required to indicate their consent to removal within the 30-day period applicable to other types of defendants. See Tri-Cities Newspapers, Inc., 427 F.2d at 327; McShares, Inc., 979 F. Supp. at 1342.

In this case, the *Notice of Removal* [Doc. No. 1] filed by Defendant Duran indicates that Defendant Hinders was on military leave and that it was unknown whether he had been served or whether Plaintiffs had delivered a copy of the *Summons* and the *Complaint* to the Attorney General. The removal petition also explains that the absence of the other

8

Defendants does not defeat federal jurisdiction with respect to Defendant Duran because Plaintiff's *Complaint* asserts claims against her that raise a federal question and do not depend on diversity of citizenship. For these reasons, I conclude that Defendant Duran's *Petition for Removal* contains a sufficient explanation of why the other Defendants did not join in or consent to the removal at the time the removal petition was filed.

I also conclude that Defendant NMSP indicated its consent to removal in a timely manner, to the extent it was required to do so. Such consent was first indicated in writing at the time Defendant NMSP's counsel waived service by entering an appearance on April 11, 2005. [Doc. No. 5.] If the 30-day period for removal was triggered on March 3, 2005, when Defendant Duran was personally served under Rule 1-004(F)(1), then Defendant NMSP was not required to indicate its consent to removal within that 30-day period because it had not waived service during that time, and Plaintiffs had not perfected service by delivering a copy of the *Summons* and the *Complaint* to the Attorney General as required by Rule 1-004(F)(3). As a non-served Defendant, Defendant NMSP was not required to indicate its consent to removal. See DiCesare-Engler Prods., Inc., 421 F. Supp. at 120.

If, in the alternative, the 30-day period for removal was triggered by Defendant Duran's waiver of service on March 24, 2005, when she filed her *Petition for Removal*, then Defendant NMSP indicated its written consent to removal on several occasions within that 30-day period. [Doc. No. 5, 7, 8.] Thus, under either alternative, Defendant NMSP's

9

consent to removal was timely and does not provide a basis for remanding this action to state court at this time.

Defendant Hinders has yet to be formally served or to waive service. The *Return of Service* regarding this Defendant, which Plaintiffs submitted as an exhibit to their *Motion to Remand* [Ex. 2 to Doc. No. 4], is not sufficient to perfect service. Instead of being directed at personally serving this Defendant in the manner specified in Rule 1-004(F)(1), this *Return of Service* is directed at service on a governmental entity or business association, on whose behalf a receptionist, executive secretary, or other authorized agent may accept service pursuant to Rule 1-004(F)(2) or 1-004(F)(3)(e). And to the extent this *Return of Service* is directed at an agency, official, or employee of the State of New Mexico, it is also insufficient to perfect service because there is no evidence that the summons and *Complaint* were delivered to the Attorney General as required by Rule 1-004(F)(3).

Moreover, to the extent that Defendant Hinders is sued in his official capacity, he is only a nominal defendant, because in this context naming Defendant Hinders as an official-capacity defendant simply duplicates Plaintiffs' existing claims against Defendant NMSP. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). As a nominal defendant sued in his official capacity, Defendant Hinders is not required to consent to removal within the 30-day time limit at issue here. See Tri-Cities Newspapers, Inc., 427 F.2d at 327; McShares, Inc., 979 F. Supp. at 1342.

10

Insofar as Defendant Hinders is sued in his individual capacity, he remains an unserved Defendant who was not required to indicate his consent to removal within the 30-day period triggered by personal service or waiver of service with respect to Defendant Duran. See DiCesare-Engler Prods., Inc., 421 F. Supp. at 120; cf. 50 U.S.C. App. § 522(c) ("An application for a stay under [the Servicemembers Civil Relief Act] does not constitute an appearance for jurisdictional purposes and does not constitute a waiver of any substantive or procedural defense (including a defense relating to lack of personal jurisdiction)."). To the extent that Defendant Hinders' letters to the Court seeking to invoke his rights under the Servicemembers Civil Relief Act could be construed as a waiver of service or some other event that would trigger a duty to indicate his consent to removal, Defendant Hinders timely complied with that duty by indicating in his letter dated May 5, 2005 (attached hereto as Exhibit A), that he consented to the removal of this action.

For the above reasons, I conclude that this action was timely removed to this Court with the consent of all Defendants and, therefore, there is no basis to remand this action to state court at this time based on a defect in the removal procedure. Accordingly, Plaintiffs' *Motion to Remand* [Doc. No. 2] is denied. My ruling on this issue, of course, does not preclude the parties from seeking to remand this action at a later date, if it can be shown that this Court lacks subject-matter jurisdiction. See 28 U.S.C. § 1447(c).

11

**B.    Defendant Hinders' Request for a Stay of Proceedings**

The relevant provision of the Servicemembers Civil Relief Act states that: "At any time before final judgment in a civil action or proceeding in which a servicemember . . . is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days . . . ." 50 U.S.C. Appx. § 522(b)(1).  This provision "applies to any civil action or proceeding in which the defendant at the time of filing an application . . . is in military service or is within 90 days after termination of or release from military service" and "has received notice of the action or proceeding." Id. § 522(a).  In order to qualify for the mandatory relief provided in Section 522(b)(1), the servicemember's application must include the following:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

Id. § 521(b)(2).  A servicemember who is granted a stay under the above provisions also "may apply for an additional stay based on continuing material affect of military duty on the servicemember's ability to appear." Id. § 522(d).

In this case, Defendant Hinders and a representative of the Department of the Army's Office of Staff Judge Advocate have submitted letters requesting a stay of proceedings until

at least July 2006 pursuant to the above provisions of the Servicemembers Civil Relief Act. These letters are attached to this *Memorandum Opinion and Order* as Exhibits A and B.

My preliminary conclusion is that the letters submitted to the Court by or on behalf of Defendant Hinders provide grounds for staying any further proceedings in this action during his training for, and deployment to, the war in Iraq, so long as he remains a party to this action. Such a stay *may* be granted on the Court's own motion, and a stay *must* be granted on the basis of Defendant Hinders' application if it meets the applicable statutory requirements.

Before granting a lengthy stay under the Servicemembers Civil Relief Act, I will afford the other parties an opportunity to show cause in writing why such a stay should not be granted. The parties' responses to this *Order to Show Cause* should also address the proposed duration of the stay and the extent, if any, to which the need for a stay can be avoided by voluntarily dismissing Plaintiffs' claims against Defendant Hinders without prejudice. Pending the Court's receipt and review of such responses, proceedings on all other matters will be temporarily stayed.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' *Motion to Remand* [Doc. No. 2] is denied, and I direct Plaintiffs, Defendant NMSP, and Defendant Duran to show cause in writing by no later than June 30, 2005, as to why all further proceedings in this action should not be stayed until July 1, 2006, or until Defendant Hinders is no longer a party to this action.

**IT IS, THEREFORE, ORDERED** that Plaintiffs' *Motion to Remand* [Doc. No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs, Defendant New Mexico State Police, and Defendant Angela Duran are directed to show cause in writing by no later than June 30, 2005, why all further proceedings in this action should not be stayed until July 1, 2006, or until Defendant Hinders is no longer a party to this action.

**IT IS FURTHER ORDERED** that proceedings on all other matters are **TEMPORARILY STAYED** pending the Court's receipt and review of the parties' responses to this show-cause order.

**SO ORDERED**, this 21st day of June, 2005, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
United States District Judge

14

Herbert Hinders
724 Camino Maximiliano
Las Vegas, NM 87701

RECEIVED

May 5, 2005

The Honorable M. Christina Armijo
333 Lomas Boulevard NW - #760
Albuquerque NM 87102-3341

MAY 2 3 2005

IN THE CHAMBERS OF
JUDGE M. CHRISTINA ARMIJO
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

    RE:  Herbert Hinders
         Victor Cordova, et al. v. New Mexico State Police, et al.
         USDC Case No. CIV 05-322 MCA/WPL

Dear Judge Armijo:

      I am a member of the United States Army Reserve and I have been called to
active duty.  I am currently assigned to Fort Gordon, Georgia where I am in training and
will be deploying to Iraq upon completion of the training.  I have been denied leave and
cannot effectively participate in the defense of Cordova, et al. v. New Mexico State
Police, et al.,USDC Case No. CIV 05-322 MCA/WPL.  I am advised that my mission is
critical to the war effort and that leave to participate in the lawsuit is not possible.
Pursuant to 50 U.S.C. Appx §§521 and 522, I request a stay.

      I was not personally served.  Pursuant to U.S.C. Appx §522, this request is not to
be considered an appearance or constitute a waiver of any procedural or substantive
defense.  I do not know if you can or need to consider this given my status, but I was told
the case was removed to your Court and I think that is fine and consent if I can do so
without entering an appearance.  The only reason that I am not having a lawyer appear
for me at this time is that I have not had proper service and my military status prevents
me from being able to commit to cooperating with a lawyer or appearing in the case until
the military releases me.  Once I am able to participate in the defense of this case, I will
assist counsel in my defense and have a lawyer enter an appearance.

      I am using my New Mexico address so that my wife can forward any mail to me.
Thank you.

                  Sincerely,

                  Herbert Hinders



**EXHIBIT**

A



**DEPARTMENT OF THE ARMY**
OFFICE OF THE STAFF JUDGE ADVOCATE
419 B STREET
FORT GORDON, GEORGIA 30905

REPLY TO
ATTENTION OF:

May 17, 2005

RECEIVED

Commanding Officer

MAY 27 2005

The Honorable M. Christina Armijo
333 Lomas Boulevard NW - #760
Albuquerque NM  87102-3341

IN THE CHAMBERS OF
JUDGE M. CHRISTINA ARMIJO
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RE:  Herbert Hinders
     Victor Cordova, et al. v. New Mexico State Police, et al.
     USDC Case No. CIV 05-322 MCA/WPL

Dear Judge Armijo:

I am the Legal Assistance Attorney counseling Sergeant Herbert Hinders, who is a defendant in an action now pending before your court, Cordova, et al. v. New Mexico State Police, et al.,USDC Case No. CIV 05-322 MCA/WPL.  Sergeant Hinders is currently serving on active duty with the U.S. Army and is assigned to Headquarters and Alpha Company, 369th Signal Battalion, 15th Regimental Signal Brigade, Fort Gordon, Georgia 30905.  Sergeant Hinders is in a comprehensive training program and will be deploying to Iraq upon completion of his training.

Sergeant Hinders will be unable to attend any hearings, present any type of defense, or effectively protect his interests in the matter in question until sometime in July 2006 because of his military duties.  The above date for availability assumes his deployment to Iraq is limited to approximately one year.  Until his return from deployment in Iraq, Sergeant Hinders is needed by his unit because he is an integral component of the reserves assigned to do necessary communication missions for military installations in Iraq.  Sergeant Hinders' current training and then his imminent deployment to Iraq prevents participation in litigation or effective communication with counsel.

Federal law allows a stay of proceedings for service members on active duty when their ability to defend themselves is materially effected by their military service (50 U.S.C. Appx §§521). In this instance, Sergeant Hinders' critical role in the national security mission of his command precludes his participation in Court Proceedings until July 2006.  He will be unable to present any defense at all due to his duties and requests that you grant a stay in the proceedings until July 1, 2006.  I further note that it is possible that Sergeant Hinders' deployment may be extended and an additional stay may be requested.  The nature of the war precludes definitive promises in this regard to any soldier.  I will forward a copy of this letter to Mr. Timothy Flynn-O'Brien and Mr. David A. Streubel to keep them informed of my request.



EXHIBIT

B

Thank you in advance for your assistance in this matter. I request that you inform me and Sergeant Hinders, at the unit address above, of any action taken on this request.

John P. Linney
Legal Assistance Division

Copies Furnished:

Sergeant Hinders
Mr. Timothy Flynn-O'Brien
Mr. David A. Streubel

2